# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 14CR0397-LAB |
|---|---|
| Plaintiff, vs. DELFINO CALDERON MARTINEZ, Defendant. | **ORDER DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. §2255** |

Delfino Calderon-Jimenez ("Calderon") pled guilty to attempting to illegally reenter the United States in violation of 8 U.S.C. § 1326, and this Court sentenced him to 48 months in custody in May 2014. His sentence was enhanced because he had previously been convicted of a "crime of violence." *See* United States Sentencing Guidelines (USSG), § 2L1.2, n. 1(B)(iii) (defining the term). Calderon waived his right to appeal in exchange for sentencing concessions from the government, so his sentence became final 14 days after the Court signed the Judgment on May 8, 2014.

He recently filed a motion pursuant to 28 U.S.C. § 2255, contending that the Supreme Court's ruling in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) requires that his sentence be vacated. In *Johnson*, the Court held that part of the Armed Career Criminal Act, 18 U.S.C. § 924(e) – specifically, the so-called "residual clause" that authorized a sentence enhancement based on a finding that a defendant's prior conviction "present[ed]

///

a serious potential risk of physical injury to another" – was unconstitutionally vague and could not be relied on to support a sentence enhancement.

But the holding in *Johnson* doesn't implicate the definition of "crime of violence" used in section 2L1.2 of the Sentencing Guidelines, because that definition doesn't include the vague residual clause language. Instead, section 2L1.2's definition authorizes a sentence enhancement when the defendant has either been convicted of certain enumerated offenses or of any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Enhancing a defendant's sentence based on a prior violent conviction is proper when the elements of the conviction match the generic definition of a "crime of violence" under federal law. *Taylor v. United States*, 495 U.S. 575, 602 (1990).

Before he was sentenced in this case, Calderon was convicted of inflicting corporal injury on his spouse, in violation of California Penal Code § 273.5(a), PSR[1] at 6. The elements of that crime categorically match the elements of the "crime of violence" definition under the federal law definition. *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1083-84 (9th Cir. 2010). *See also United States v. Ayala-Nicanor*, 659 F.3d 744, 752 (9th Cir. 2011) (holding that § 273.5 is a categorical crime of violence under the force clause of the illegal reentry guidelines, § 2L1.2); *United States v. Laurico-Yeno*, 590 F.3d 818, 823 (9th Cir. 2010) (same).

*Johnson* is inapposite to Calderon's case – the Court didn't rely on vague "residual clause" language in imposing his sentence. His motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: November 2, 2016

*(signature)*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] "PSR refers to the Presentence Report filed in Calderon's case on April 2, 2014.